Christopher J. Fry, Esq. (SBN: 298874)
*Email: cfry@frylawcorp.com*
Kristine Du, Esq. (SBN: 338095)
*Email: kdu@frylawcorp.com*
**FRY LAW CORPORATION**
980 9th Street, 16th Floor
Sacramento, California 95814
Telephone: (916) 291-0700
Facsimile: (916) 848-0256

Attorneys for Defendant,
**ANCHORED TINY HOMES INCORPORATED**

Fry Law Corporation
Trial Attorneys

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SHALON WATTS AND ANTHONY WATTS,

Plaintiffs,

vs.

ANCHORED TINY HOMES INCORPORATED,

Defendant,

**CASE NO.:** 2:22-CV-00428-KJM-AC

**DEFENDANT ANCHORED TINY HOMES INCORPORATED's ANSWER TO COMPLAINT**

[Complaint Filed: March 7, 2022]

Defendant ANCHORED TINY HOMES INCORPORATED ("Defendant"), by and through counsel, submits the following answer to Plaintiffs' Unlimited Civil Complaint filed March 7, 2022 (the "Complaint"):

**ANSWER TO ALLEGATIONS[1]**

1. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegation in paragraph 2 regarding Defendant's agent for service of process. Defendant admits the rest of allegations in paragraph 2.

3. Defendant denies the Court has original federal question jurisdiction under 28 U.S.C. section 1331, or supplemental jurisdiction on Plaintiffs' state law claims under 28 U.S.C. section 1332, subdivision (a). Defendant admits venue would be proper in this judicial district, provided that Plaintiffs can establish proper jurisdiction. Defendant denies all remaining allegations of paragraph 3 of Plaintiffs' Complaint.

4. Defendant admits venue would be proper in this judicial district, provided that Plaintiffs can establish proper jurisdiction.

5. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 5 of Plaintiffs' Complaint.

6. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 6 of Plaintiffs' Complaint.

7. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 7 of Plaintiffs' Complaint.

[1] For ease of reference, paragraph numbers will coincide with those in the Complaint. The Complaint contains various typographical errors, including mis-numbered paragraphs. Those paragraphs are addressed in-turn.

Fry Law Corporation Trial Attorneys

8. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 8 of Plaintiffs' Complaint. Insofar as paragraph 8 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

9. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 9 of Plaintiffs' Complaint. Insofar as paragraph 9 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

10. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 10 of Plaintiffs' Complaint. Insofar as paragraph 10 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

11. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 11 of Plaintiffs' Complaint.

12. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies all allegations in paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies all allegations in paragraph 14 of Plaintiffs' Complaint.

15. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 15 of Plaintiffs' Complaint.

16. Defendants is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 16 of Plaintiffs' Complaint.

Fry Law Corporation
Trial Attorneys

17. In response to paragraph 17 of Plaintiff's Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

18. Defendant admits that the Custom Tiny Home is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

19. Defendant denies all allegations in paragraph 19 of Plaintiffs' Complaint. Insofar as paragraph 19 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

20. Defendant admits that Defendant is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

21. Defendant admits there was a one (1) year workmanship warranty for the sale of the Custom Tiny Home.

22. Defendant denies all allegations in paragraph 22..

23. Defendant admits that there were verbal attempts to repair. Defendant denies the remaining allegations in paragraph 23.

24. Defendant denies all allegations in paragraph 24.

25. Defendant admits that there is a one (1) year workmanship warranty for the sale of the Custom Tiny Home where Defendant willing to fix or pay for a contractor to fix in southern California. The Custom Tiny Home purchased by Plaintiffs passed all safety inspections before being delivered to Plaintiffs.

26. Defendant denies all allegations in paragraph 26.

27. Defendant denies all allegations in paragraph 27.

28. Defendant denies all allegations in paragraph 28.

29. Defendant denies all allegations in paragraph 29.

30. Defendant denies all allegations in paragraph 30.

31. In response to paragraph 31 of Plaintiffs' Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

32. Defendant denies all allegations in paragraph 32. Insofar as paragraph 32 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

33. Defendant denies all allegations in paragraph 33. Insofar as paragraph 32 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

34. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 34 of Plaintiffs' Complaint. Insofar as paragraph 34 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

35. Defendant admits that there is a one (1) year workmanship warranty for the sale of the Custom Tiny Home where Defendant willing to fix or pay for a contractor to fix in southern California.

36. Defendant denies all allegation in paragraph 36.

37. Defendant denies all allegation in paragraph 37.

38. Defendant denies all allegation in paragraph 38.

39. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 39 of Plaintiffs' Complaint. Insofar as paragraph 39 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

40. In response to paragraph 40 of Plaintiffs' Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

41. Defendant admits that there is a one (1) year workmanship warranty for the sale of the Custom Tiny Home where Defendant willing to fix or pay for a contractor to fix in southern California. Defendant denies the remaining allegations in paragraph 41.

Fry Law Corporation
Trial Attorneys

42. Defendant denies all allegation in paragraph 42 as the unit was inspected and passed by the RV certification company and has passed all safety measures.

43. Defendant denies all allegation in paragraph 43.

44. Defendant denies all allegation in paragraph 44.

45. In response to paragraph 45 of Plaintiffs' Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

46. Defendant denies all allegation in paragraph 46. The Custom Tiny Home unit passed all safety inspections at time of delivery.

47. Defendant denies all allegation in paragraph 47.

48. Defendant denies all allegation in paragraph 48.

49. Defendant denies all allegation in paragraph 49.

50. In response to paragraph 50 of Plaintiffs' Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

56. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 56 of Plaintiffs' Complaint. Insofar as paragraph 56 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves

51. Defendant denies all allegation in paragraph 51.

52. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 52 of Plaintiffs' Complaint.

53. In response to paragraph 53 of Plaintiffs' Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

Fry Law Corporation
Trial Attorneys

54. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 54 of Plaintiffs' Complaint.

55. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 55 of Plaintiffs' Complaint.

56. In response to paragraph 56 of Plaintiffs' Complaint, Defendant reallege and incorporate by reference his responses to the allegations in the foregoing paragraphs as though fully set forth herein.

57. Defendant admits there is a one (1) year workmanship warranty for the sale of the Custom Tiny Home where Defendant willing to fix or pay for a contractor to fix in southern California. Defendant denies the remaining allegations in paragraph 57.

58. Defendant admits there is a one (1) year workmanship warranty for the sale of the Custom Tiny Home where Defendant willing to fix or pay for a contractor to fix in southern California. Defendant denies the remaining allegations in paragraph 58. Deny.

59. Defendant denies all allegations in paragraph 59.

60. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 60 of Plaintiffs' Complaint.

61. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 61 of Plaintiffs' Complaint.

62. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 62 of Plaintiffs' Complaint.

63. Defendant denies all allegation in paragraph 63.

64. Defendant denies all allegation in paragraph 64.

65. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 65 of Plaintiff's' Complaint. Insofar as paragraph 65 of Plaintiff's' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

66. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 66 of Plaintiff's' Complaint. Insofar as paragraph 66 of Plaintiff's' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

67. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 67 of Plaintiff's' Complaint. Insofar as paragraph 67 of Plaintiff's' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

68. Defendant is without sufficient knowledge and is unable to affirmatively admit or deny these allegations and, on that basis, Defendant denies all allegations in paragraph 68 of Plaintiffs' Complaint. Insofar as paragraph 68 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

69. Defendant denies all allegations in paragraph 69 of Plaintiffs' Complaint. Insofar as paragraph 69 of Plaintiffs' Complaint purports to contain statements of law, the legal authorities cited speak for themselves.

70. All allegations contained in Plaintiff's Complaint not expressly admitted herein are denied generally and specifically.

//

//

//

//

//

//

//

Fry Law Corporation
Trial Attorneys

**AFFIRMATIVE DEFENSES**

**<u>First Affirmative Defense</u>**

**(Failure to State a Cause of Action)**

1. Plaintiffs' claims are barred in whole or in part because they fail to state a claim upon which relief can be granted.

**<u>Second Affirmative Defense</u>**

**(Standing)**

2. Plaintiffs' claims are barred in whole or in part because Plaintiffs lacks standing to assert the claims and/or because the claims are more properly asserted by another.

**<u>Third Affirmative Defense</u>**

**(Good Faith)**

3. Plaintiffs' claims are barred in whole or in part because to the extent Defendant engaged in any act alleged by Plaintiffs, she did so innocently and in good faith.

**<u>Fourth Affirmative Defense</u>**

**(Not Legal/Proximate Cause of Injury)**

4. This answering Defendant alleges that, as a matter of law, Defendant's conduct, was not the legal, proximate or other cause of Plaintiffs' alleged injury or damages.

**<u>Fifth Affirmative Defense</u>**

**(Unclean Hands)**

5. Plaintiffs' claims are barred in whole or in part because Plaintiffs, through its actions or actions of its agents, has unclean hands.

**<u>Sixth Affirmative Defense</u>**

**(Knowledge/Consent)**

6. Plaintiffs' claims are barred in whole or in part because Plaintiffs by its conduct or the conduct of its agents has acquiesced in and/or consented to the conduct

Fry Law Corporation
Trial Attorneys



alleged.

**Seventh Affirmative Defense**

**(Estoppel)**

7. Plaintiffs' claims are barred in whole or in part because Plaintiffs is estopped by its agents' acts or omissions from maintaining claims against Defendant.

**Eighth Affirmative Defense**

**(Waiver and Release)**

8. Plaintiffs' claims are barred in whole or in part because Plaintiffs by its conduct or the conduct of its agents has released Defendant from any claims asserted.

**Ninth Affirmative Defense**

**(No Damages)**

9. Plaintiffs' claims are barred in whole or in part because Plaintiffs is not entitled to the damages or other relief sought.

**Tenth Affirmative Defense**

**(Failure to Mitigate)**

10. Plaintiffs' claims are barred in whole or in part because Plaintiffs, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in the Complaint, if indeed any there are; that the resultant damages, if any, complained of in said Complaint were directly and proximately caused by the failure, negligence and refusal of Plaintiffs to exercise reasonable diligence in an effort to mitigate the damages alleged.

**Eleventh Affirmative Defense**

**(Duplicative Damages)**

11. As to each and every cause of action set forth in the Complaint, this answering Defendant, without admitting that the Complaint states a claim, submits that Plaintiffs' alleged remedies are limited to the extent Plaintiffs seeks overlapping and duplicative recovery based on various claims against Defendant for any alleged single wrong.

Fry Law Corporation Trial Attorneys

**Twelfth Affirmative Defense**

**(Reduction of Damages)**

12. Plaintiffs is barred, in whole or in part, from any recovery in this action to the extent that any consideration from this answering Defendant, or from anyone else in satisfaction of any purported rights, claims, or causes of action as alleged in the Complaint were received.

**Thirteenth Affirmative Defense**

**(Set-Off)**

13. This answering Defendant alleges that the Plaintiffs' damages, if any exist, are subject to a complete or partial set-off.

**Fourteenth Affirmative Defense**

**(Apportionment of Fault)**

14. As to each and every cause of action set forth in the Complaint, this answering Defendant alleges that to the extent, and only in the event, that she is found liable to Plaintiffs, in any sum whatsoever, which liability Defendant expressly denies and disputes, such liability in whole or in part will be the direct or imputed fault and responsibility of other parties to this litigation and/or other third party(ies). Thus, this answering Defendant requests that in such an event, an apportionment of fault and responsibility be made among all parties in accordance with the equitable apportionment principles of fault and responsibility. This answering Defendant further requests that a judgment and declaration of total or partial indemnification and distribution issue against all other parties in accordance with equitable apportionment principles of fault and responsibility.

Fry Law Corporation
Trial Attorneys



**Fifteenth Affirmative Defense**

**(Statute of Limitations - Laches)**

15. Plaintiffs' claims are barred in whole or in part because Plaintiffs' claims are untimely under the applicable statutes of limitations and/or are barred by the doctrine of laches because Plaintiffs unjustifiably delayed, to Defendant's prejudice, in

bringing suit and/or in seeking the relief sought.

**Sixteenth Affirmative Defense**

**(Collective Bargaining Agreement)**

16. Plaintiffs' claims are barred in whole or in part because Plaintiffs' claims are governed solely by a collective bargaining agreement and Plaintiffs failed to exhaust the procedures set forth therein.

**Seventeenth Affirmative Defense**

**(Administrative Remedies)**

17. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust administrative remedies and/or procedures.

**Eighteenth Affirmative Defense**

**(Reserve of Further Affirmative Defenses)**

18. This answering Defendant alleges that, because the Complaint on file in this action is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if any and to the extent that such affirmative defenses are applicable, is hereby reserved.

**Nineteenth Affirmative Defense**

**(No Breach by Defendants)**

19. Defendants, and each of them, have performed all duties owed by contract other than any duties which were prevented or excused, and therefore never breached any agreement at issue in this lawsuit.

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs' Complaint be dismissed;
2. That Plaintiffs take nothing by his Complaint;
3. That the Court deny Plaintiffs' prayer for relief;
4. That judgment be entered on all claims for Defendants;
3. That Plaintiffs be ordered to pay for costs and fees incurred as a result of

Fry Law Corporation Trial Attorneys



the litigation; and

4. That the Court award Defendants any and all other relief to which they are justly entitled.

DATED: November 15, 2022

Respectfully submitted,

**FRY LAW CORPORATION**

By: ____________________
Christopher J. Fry, Esq.
*Attorneys for Defendant*

Fry Law Corporation
Trial Attorneys

# PROOF OF SERVICE
# CALIFORNIA SUPERIOR COURT

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is: 980 9th Street, 16th Floor, Sacramento, California 95814. On November 15, 2022, I served the foregoing document(s) described as:

**DEFENDANT ANCHORED TINY HOMES INCORPORATED's ANSWER TO COMPLAINT**

On all interested parties in this action by placing [ ] the original [ x ] a true copy thereof enclosed in sealed envelopes addressed as follows:

**Attorneys for Plaintiffs:**

Richard C. Dalton, Esq.
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law

[X] BY MAIL and EMAIL: I caused such documents to be mailed to the addresses above at Sacramento, California. A copy was also emailed to the address on file.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct. Executed on November 15, 2022, at Sacramento, California.

Christopher J. Fry

Fry Law Corporation Trial Attorneys